### In re Abner MAY.

Court of Appeals of Kentucky.

April 29, 1955.

Kelsey E. Friend, Pikeville, for respondent.

PER CURIAM.

The Board of Bar Commissioners of the Kentucky State Bar Association has recommended that Abner May, of Pikeville, Kentucky, be disbarred from the practice of law, because of misconduct in the handling of the funds of a guardianship estate.

The complaint against Mr. May was filed on March 23, 1953. Mr. May thereupon submitted the following statement to the Board of Bar Commissioners:

"I, the undersigned, Abner May, have examined the foregoing complaint. I do not admit any of the matters set forth therein and do not desire to contest the same before the Bar Association and do not intend to file any response thereto, and now submit myself to the jurisdiction of the Bar Association and now formally and finally surrender my license and all my credentials as an attorney in the Common-

wealth of Kentucky, to become effective on the 13th day of April 1953, at the convening of the Court of Appeals of Kentucky for the Spring Term."

Since charges were pending against him at the time, the foregoing statement of Mr. May could not be accepted as a resignation. RCA 3.050. Accordingly, the Board of Bar Commissioners, on July 17, 1953, found Mr. May guilty of unprofessional conduct and recommended his disbarment.

The recommendation was duly filed with this Court, and on November 2, 1953, a rule was issued under RCA 3.450, requiring Mr. May to show cause why he should not be adjudged guilty of unprofessional conduct and be disciplined in accordance with the recommendation. No return of service of the rule was made, and through inadvertence or oversight the matter lay dormant until February 1955, when it was brought to the attention of the Court. Thereupon the rule was reissued, and a return of service was made.

Following service of the reissued rule, Mr. May filed what he designated as a "Response and Application for Reinstatement to Practice Law," accompanied by letters from a number of Pikeville attorneys, certifying as to his good character and conduct since April 1953. The response presents no adequate defense to the original complaint, but asserts that Mr. May has not practiced law since April 1953 and that his conduct since that time justifies his reinstatement.

The misconduct of which Mr. May was found guilty warrants his disbarment, and no cause has been shown why he should not have been found guilty. His good conduct since the recommendation for disbarment was made by the Board of Bar Commissioners can be considered only upon an application for reinstatement, following disbarment, under the provisions of RCA 3.560. The application for reinstatement, and accompanying letters, which Mr. May has filed with this Court, will be referred by

the Clerk of this Court to the Board of Bar Commissioners, in accordance with the requirement of RCA 3.560 that all applications for reinstatement be so referred.

In view of the delay that has occurred in the prosecution of this matter, and in view of the fact that Mr. May has not practiced law since April 13, 1953, it is ordered that he be disbarred effective as of April 13, 1953.